**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**THOMAS YOUNK,**

      **Plaintiff,**

**vs.**                                    **Case No. 4:12cv310-RH/CAS**

**KENNETH TUCKER,
and BEATRICE SEARS,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed an amended civil rights complaint, doc. 6, against two Defendants, both of whom are officials with the Florida Department of Corrections. Plaintiff alleged the Defendants were deliberately indifferent to Plaintiff's serious medical needs when a physician's requests for surgery were denied. Doc. 6 at 7. Defendant Tucker is the Secretary of the Department of Corrections and Defendant Sears was alleged by Plaintiff to be the "DEO" which, as explained by Defendant Sears, means she was employed as "a Data Entry Operator." Doc. 29 at 5. Service was executed as to Defendant Tucker in August 2012, doc. 10, and Tucker filed a motion to dismiss, doc. 14, on October 29, 2012. Plaintiff filed a response to Tucker's motion to dismiss on December 3, 2012, doc. 16, and Tucker was granted leave to file a reply. Docs. 20, 23. Tucker's reply was timely filed on December 26, 2012. Doc. 28.

Service was carried out as to Defendant Sears, doc. 26, and Sears has also filed a motion to dismiss, doc. 29. Plaintiff has already filed his response to the motion. Doc. 30. Thus, this report and recommendation will address both motions to dismiss.

**Tucker's motion to dismiss**

Tucker asserts that the complaint should be dismissed because Plaintiff failed to exhaust administrative remedies, the complaint fails to state a claim against Tucker in his individual capacity, and the official capacity claim should be dismissed because Tucker is entitled to Eleventh Amendment immunity. Doc. 14. Tucker notes in the motion that Plaintiff alleged exhaustion, doc. 6 at 2, but Defendant asserts that between 2009 and June 2012, when the initial complaint was mailed, Plaintiff had filed only three grievance appeals. Doc. 14 at 3. Defendant contends that none of those appeals concern Plaintiff's medical care. *Id.* at 3; exhibits B-D of doc. 14.

Defendant points out that Plaintiff submitted a "purported copy of a 'formal grievance' that Plaintiff claims has done unanswered by the Secretary." Doc. 14 at 5. Defendant suggests that Plaintiff's purported grievance is not authentic because it "does not have a log number, a date stamp, or any other writing on the bottom of the form to indicate it was receipted at Plaintiff's institution for mailing to the Office of the Secretary." *Id.* "By comparison, other grievance appeals Plaintiff previously sent to the Office of the Secretary . . . show a stamp at the top stating when it was received, have a log number written in at the top, and have the bottom portion of the form filled out showing when it was submitted by the inmate, an institutional mailing log number and a signature of the staff person who received it." *Id.* at 5-6.

Defendant Tucker has provided an affidavit from Rebecca Padgham, Ex. A, who states that Plaintiff "filed three grievance appeals from 2009 through October 2012, log numbers 11-6-17486, 11-6-15401, and 09-6-22642." Ex. A at 1 (Doc. 14-1 at 1).[1] "None of these have to do with medical care." *Id.* Log number 11-6-17486 is exhibit B (doc. 14-1 at 3-4), log number 11-6-15401 is exhibit C (doc. 14-1 at 5-11), and log number 09-6-22642 is exhibit D (doc. 14-1 at 12-16).

In response, Plaintiff contends that he complied with Department rules and placed his "DC1-303 Request for Administrative Remedy or Appeal into the locked grievance box outside F dorm at Glades Correctional Institution on November 7, 2011[,] when he saw Classification Officer Candice Thomas picking up the grievances from said box." Doc. 16 at 2-3. Plaintiff also contends that he cannot control placing a log number, date stamp, or other writing on the grievance form as that is done after he places his grievance in the locked grievance box. *Id.* at 4-5. Plaintiff asserts he "can only hope and pray that the Department of Corrections officer stamps, logs, and forwards the DC1-303 to the intended recipient." *Id.* at 5.[2]

---

[1] Hereafter, all references to exhibits are to those attached to document 14, unless otherwise noted. References are to the paper copy and page number, followed by a reference (in parenthesis) to the corresponding document and page in the electronic docket. Both citations are referenced as a pro se litigant will not have access to the court's electronic docket.

[2] Above a hope and a prayer, the rules require an inmate to place his grievance in a locked grievance box. Designated staff collect the grievances and "deliver them to the institutional grievance coordinator." "The institutional grievance coordinator shall log all formal grievances and provide the inmates with receipts. The appeals will be forwarded to the Bureau of Policy Management and Inmate Appeals after being processed for mailing . . . ." FLA. ADMIN. CODE R. 33-103.006(2)(h). Thereafter, "[t]he Bureau of Policy Management and Inmate Appeals shall log all appeals and forward receipts to the inmates." *Id.*

Plaintiff also contends that in the past, although the Department's Rules permit an inmate to proceed to the next level of the grievance process when a grievance has not been responded to within the permitted time frame, Plaintiff has not been permitted to do so. Doc. 16 at 5, *citing to* Exhibits B, C.[3] Because this case is not about what may or may not have happened in the past when Plaintiff sought to file a grievance because no response was provided to him, that argument will not be addressed. More importantly, there is no issue in this case about whether Plaintiff was entitled to proceed to the final step of the grievance process because he did not receive a response to a formal grievance.

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). The exhaustion requirement of § 1997e(a) is not jurisdictional, however. Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)). There is no discretion to waive this requirement or

---

[3] In Exhibit B, the response to Plaintiff's grievance appeal was returned without action noting that a response to the formal grievance was forwarded to Plaintiff on May 31, 2011, and he should have received it by that date. Doc. 14-1 at 3. Plaintiff's appeal advised that he sent a formal grievance on May 17, 2011, and as of June 6, 2011, he had not received a response. *Id.* at 4. Exhibit C contains a response advising Plaintiff that he must refil the grievance because it was not in compliance with the Rule.

provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).  The Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing* Alexander, 159 F.3d at 1323.  Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively.  Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007)[4].

A prisoner must also comply with the process set forth and established by the grievance procedures.  *See* Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).  In

---

[4] The Court further rejected the view of the Sixth Circuit when it concluded that "nothing in the statute [§ 1997e(a)] imposes a 'name all defendants' requirement." Jones v. Bock, 549 U.S. at 217-219, 127 S.Ct. at 922-923 (concluding "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").

other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements). Even if a grievance is initially denied as untimely, a prisoner must appeal the denial of the grievance. *See* Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999)(noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown"); Bryant v. Rich, 530 F.3d at 1373. If one claim is unexhausted, the Court may separate that claim out and proceed on only those claims that have been exhausted. Brown, 212 F.3d at 1206, n.1; Jones, 549 U.S. at 223, 127 S.Ct. at 925 (rejecting a "total exhaustion rule" and requiring dismissal only of those unexhausted "claims," not an entire "action.").

Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008), *relying on* Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Dixon v. United States, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party); Roberts v. Barreras, 484 F.3d 1236, 1240 (10th Cir. 2007) ("Jones does not spell out the proper burden of proof to use in evaluating exhaustion claims, but circuits that treated exhaustion as an affirmative defense prior to Jones have all put the burden of proof on defendants, to the

extent that they addressed the issue.").  Even though evidence may be presented to

support or refute a contention that a prisoner has not exhausted the grievance process,

exhaustion is a "matter in abatement and not generally an adjudication on the merits,"

thus, it should be raised and treated as a motion to dismiss, not a summary judgment

motion.  Bryant, 530 F.3d at 1374-75.

     In the amended complaint, Plaintiff alleged that he "filed a formal grievance with

Kenneth Tucker, Secretary of the Florida Department of Corrections on 11-7-11."  Doc.

6 at 6.  Plaintiff alleged that Tucker had not responded to the grievance "which traps the

Plaintiff in a state of suspension because he cannot make any further arguments at the

administrative level until a response is received."  Id.  Those assertions are incorrect for

two reasons.  First, a formal grievance is filed at the institution or facility level.  FLA.

ADMIN. CODE R. 33-103.006.  Appeals or direct grievances are directed to the Office of

the Secretary.  FLA. ADMIN. CODE R. 33-103.007.  Thus, considering the evidence which

will be discussed below, Plaintiff's allegation should be interpreted to mean that Plaintiff

filed a grievance appeal to the Secretary on November 7, 2011.  The second reason

that allegation is incorrect is because if Plaintiff had not received a response to a

properly submitted grievance appeal, he would not be trapped, but would be permitted

to file a lawsuit.[5]

     Attached to the complaint was an Inmate Request form, which may also be used

as an informal grievance.  Doc. 6 at 13.  Plaintiff did not, however check the box to

---

     [5] Rule 33-103.011(3)(c) provides that grievance appeals must "be responded to within 30 calendar days."  If no response is provided and the inmate does not agree to an extension of time, "he shall be entitled to proceed with judicial remedies as he would have exhausted his administrative remedies."  FLA. ADMIN. CODE R. 33-103.011(4).

Page 8 of 10

have it considered as a grievance and the response on the request addressed it only as an inmate request. *Id.* The response to Plaintiff's request, signed by Defendant Sears, advised that Plaintiff was denied surgery by "Utilization Management." *Id.* Defendant Sears responded to Plaintiff's request on November 2, 2011. *Id.*

Also attached to the amended complaint was a copy of Plaintiff's "Request for Administrative Remedy or Appeal" in which Plaintiff checked the box directing it to the attention of the Secretary. Doc. 6 at 15. Plaintiff signed and dated that appeal on November 7, 2011, advising that he met with Dr. Johnson concerning the "attached Inmate Request" and stating that he was advised to grieve the issue. *Id.* That attachment demonstrates that Plaintiff only submitted an inmate request prior to submitting a grievance concerning a medical issue directly to the Secretary's Office.

As Tucker correctly notes in his reply, doc. 28, the Department's grievance procedures are a "three-step process, beginning with the inmate filing an informal grievance." Doc. 28 at 2. In certain types of cases, the rules permit bypassing the informal grievance step and initiating a grievance at the formal grievance level. *Id.* at 2-3. A grievance concerning medical issues are permitted to be initiated at the formal grievance level, *id.* at 3, *citing* FLA. ADMIN. CODE R. 33-103.006(3), but medical grievances may not be initiated at the appeal level (directly to the Secretary). *Id.* at 3. Direct appeals to the Secretary must concern issues such as grievances of an emergency nature, reprisal, protective management, and the like. FLA. ADMIN. CODE R. 33-103.007(6). Thus, in a case such as this one where the issue is of a medical nature, an inmate must first file a formal grievance and then proceed to the final appeal level. FLA. ADMIN. CODE R. 33-103.007. If a formal grievance is not responded to within "20

Case No. 4:12cv310-RH/CAS

calendar days from the date of receipt of the grievance," an inmate may proceed to the next step. FLA. ADMIN. CODE R. 33-103.011(3)(b), (4).

Notwithstanding Plaintiff's argument that he exhausted administrative remedies by putting his grievance appeal in the lock box on November 7, 2011, the undisputed evidence in this case is that Plaintiff's appeal was the first and only step he took in the exhaustion process. The inmate request which was answered on November 2, 2011, does not constitute a grievance. Accordingly, Plaintiff did not exhaust administrative remedies and Defendant Tucker's motion to dismiss, doc. 14, must be granted.

**Defendant Sears**

Defendant Sears adopts the exhaustion argument as raised by Defendant Tucker. Doc. 29 at 1. Plaintiff also adopts his response as presented in opposition to Tucker's motion to dismiss. Doc. 30. For the reasons stated above, the motion to dismiss filed by Defendant Sears must also be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss filed by Defendant Tucker, doc. 14, and Defendant Sears, doc. 29, be **GRANTED**; that Plaintiff's amended complaint, doc. 6, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on February 20, 2013.

     S/    Charles A. Stampelos          
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.