IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS YOUNK,

    Plaintiff,

v.                                     CASE NO. 4:12cv310-RH/CAS

KENNETH TUCKER and
BEATRICE SEARS,

    Defendants.

_____/

**ORDER DISMISSING THE FIRST AMENDED COMPLAINT,
GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT,
AND PROVIDING AN OPPORTUNITY TO BE HEARD ON TRANSFER**

    The defendants have moved to dismiss this prisoner civil-rights case. This order grants the motion, gives the plaintiff leave to file a further amended complaint, and gives the parties an opportunity to be heard on whether the case should be transferred to the Southern District of Florida.

I

    The plaintiff Thomas Younk is an inmate in the Florida Department of Corrections. He asserts that when he was at Glades Correctional Institution—which is in the Southern District of Florida—the Department refused to provide

necessary surgery for a ventral hernia.  Mr. Younk says this violated the Eighth Amendment.  He seeks relief under 42 U.S.C. § 1983.  Mr. Younk has named two defendants: the Department's former secretary Kenneth Tucker, and a Department data-entry operator, Beatrice Sears.  Mr. Younk has named the defendants in their individual and official capacities.  Mr. Younk has demanded compensatory and punitive damages but not injunctive relief.

The defendants have moved to dismiss on several grounds including failure to exhaust administrative remedies, failure to state a claim on which relief can be granted, and, for the official-capacity claims, Eleventh Amendment immunity.  The motion is before the court on the magistrate judge's report and recommendation, ECF No. 31, and the objections, ECF No. 32.  The recommendation is for dismissal of the first amended complaint for failure to exhaust administrative remedies.

I have reviewed *de novo* the issues raised by the objections.  I have done this despite the objections' contemptuous tone.  Mr. Younk should take note: personal attacks on judges or any others are not properly part of the litigation process.  If Mr. Younk repeats this conduct, sanctions may be entered.

II

As accurately set out in the report and recommendation, the Florida Department of Corrections has a three-step administrative process.  The steps are

an informal grievance at the institution, a formal grievance at the institution, and an appeal or direct grievance to the Secretary of the Department of Corrections. Before filing a lawsuit like this one, an inmate must fully exhaust the process, including, when applicable, all three steps.

The report and recommendation notes that Mr. Younk did not file a formal grievance at the institution. Mr. Younk now admits it. The report and recommendation concludes that this requires dismissal.

Mr. Younk now says, though, that he submitted a direct grievance to the Secretary and that this was proper because his need for surgery was an emergency. Mr. Younk has filed a copy of the direct grievance that he says he submitted. ECF No. 6 at 15.

Mr. Younk is correct that, in an emergency, an inmate may submit a direct grievance to the Secretary, bypassing an informal and formal grievance at the institution. *See* Fla. Admin. Code r. 33-103.007(6)(a) (2012). Mr. Younk's direct grievance adequately alleged an emergency. *See id*., r. 33-103.002(4) (defining an emergency as a matter that "if disposed of according to the regular time frames, would subject the inmate to substantial risk of personal injury or cause other serious and irreparable harm to the inmate"). The grievance asserted that, according to Mr. Younk's treating physician, the ventral hernia had "become life threatening." ECF No. 6 at 15. The grievance asserted the hernia was "in

imminent danger of extra-corporeal rupture since only a layer of dermis [was] holding [Mr. Younk's] intestines in [his] body." *Id*. And the grievance said Mr. Younk had suffered three strangulations within 20 days and that a major strangulation—described as "bound to happen"—would "negatively impact [Mr. Younk's] digestion for the rest of [his] life, if [he] survive[d] said strangulation." *Id*. The grievance concluded that Mr. Younk needed corrective surgery "immediately." *Id*.

If, as Mr. Younk claims, he delivered this direct grievance to a correctional officer for submission in turn to the Secretary, Mr. Younk sufficiently exhausted his administrative remedies. But whether Mr. Younk did that is disputed.

Mr. Younk says he did. The official who keeps the records says the grievance never reached the Secretary's office. Delivery to a proper correctional officer sometimes is sufficient for exhaustion even if the paper does not actually reach its intended destination.

The report and recommendation does not reach the issue of whether Mr. Younk actually delivered the grievance to a correctional officer as alleged. This order also does not reach that issue. An exhaustion issue that turns on disputed facts may be decided on the papers, but an evidentiary hearing also may be conducted. When a case can properly be dismissed based on immunity or failure

to state a claim, a dispute over exhaustion need not be resolved. *See* 42 U.S.C. § 1997e(2).

III

Under 42 U.S.C. § 1983, a plaintiff may recover damages from a "person" who, under color of state law, violates the plaintiff's federal right. For purposes of § 1983, an individual state employee is a "person." But a state itself is not. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). And in any event, a state has Eleventh Amendment immunity from a § 1983 claim in federal court. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996) (holding that a state sued in its own name has Eleventh Amendment immunity, regardless of the relief sought, unless the immunity has been waived or validly abrogated by Congress). A § 1983 plaintiff may obtain *prospective* relief—for example, an injunction—against a state employee in the employee's official capacity, *see Ex parte Young*, 209 U.S. 123 (1908), but a claim for *damages* against an official-capacity state defendant is the equivalent of a claim against the state itself and is therefore barred. *See Edelman v. Jordan*, 415 U.S. 651 (1974) (holding that the Eleventh Amendment bars retrospective relief under § 1983 that would be payable from the state treasury).

Mr. Younk's first amended complaint seeks only damages, that is, retrospective relief. His claims against the defendants in their official capacities must be dismissed.

IV

This leaves for consideration whether the first amended complaint states a claim on which relief can be granted against the defendants in their individual capacities. A district court should grant such a motion unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Mr. Younk has not alleged facts sufficient to support an inference that either Mr. Tucker or Ms. Sears is liable for denying his surgery. For all Mr. Younk has alleged, neither Mr. Tucker nor Ms. Sears had anything to do with the decision. The individual-capacity claims will be dismissed on this basis. But Mr. Younk will be given leave to file a second amended complaint alleging additional facts or proceeding against a different defendant.

V

Finally, I raise on my own motion the issue whether this case should be transferred to the Southern District of Florida. Under 28 U.S.C. § 1404(a), a court may transfer a case to another district where it might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." This case arises

from events at Glades Correctional Institution, which is in the Southern District of Florida. The witnesses in any factual dispute over exhaustion and in any factual dispute over Mr. Younk's need for surgery apparently are all in the Southern District. So far as this record reflects, only Mr. Tucker is in the Northern District—and unless Mr. Younk alleges substantial new facts, the case will not go forward against Mr. Tucker. This order gives the parties an opportunity to be heard on this issue.

VI

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted in part. The first amended complaint is dismissed. The official-capacity claims are dismissed for failure to state a claim and based on Eleventh Amendment immunity. The individual-capacity claims are dismissed for failure to state a claim. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

2. The plaintiff is granted leave to file a second amended complaint by April 26, 2013. The clerk must refer any second amended complaint directly to me.

3. A party who opposes transfer of this case to the Southern District of Florida, Palm Beach Division, must file a memorandum on the issue by April 26, 2013.

SO ORDERED on April 4, 2013.

s/Robert L. Hinkle  
United States District Judge